# UNITED STATES DISTRICT COURT, N.D.N.Y.

Thomas Hardie

,plaintiff

against

The RehFuss Law Firm, P.C.,

Attorneys For The City of Albany,

and Law Office of Amy J. Agnew

defendant(s)

# COMPLAINT

Civ. Act. no.   1:26-cv-538 (ECC/MJK)

Judge.

Mag.

U.S. DISTRICT COURT – N.D. OF N.Y.

FILED

Apr 06 - 2026

John M. Domurad, Clerk

STATE OF NEW YORK )
COUNTY OF ALBANY ) $^{ss}$

Plaintiff, Thomas Hardie, demands a trial by jury

## Jurisdiction

This is a civil action, seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to; 42 U.S.C. § 1983. The court has jurisdiction over this action, pursuant to; 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3), and (4), and 28 U.S.C. 2201. The civil action is ajoined with supplemental jurisdiction claims pursuant to 28 U.S.C. § 1367. The U.S. Court has jurisdiction over a State claim that is pendent to the Federal claim.

i

## Venue

All claims in this original complaint arose in the Northern District of New York, City of Albany, and N.D.N.Y. is the proper venue for this action.

## The Following Fed. Rules of Civ. Procedure are applied in this action

The plaintiff will sign the complaint, and all other documents mentioned, in accordance with F.R.C.P. Rule 11.

Pursuant to F.R.C.P. Rule 3, commencing an action; the plaintiff will pay his court filing fee of $405.00, in accordance with 28 U.S.C.A. §1914

The plaintiff request for the U.S. Marshal to perform the service of process of the summons and complaint upon the (3) defendants, and will immediately pay in accordance to their charges for the service.

ii

## Parties

PlaintiFF : Thomas Hardie    Din.no. 25R3789

Address : FishKill Corr. Facility, Box 1245, Beacon, N.Y. 12508

Defendant : Attorney Stephen, and Abigail RehFuss

Address : The RehFuss Law Firm, 40 British American Blvd, Latham, N.Y. 12110

Tel. no. 518-713-2144

Defendant : Attorney Amy Jane Agnew

Address : Law Office of Amy Jane Agnew, 24 FiFth Ave, suite 1701, New York, N.Y. 10011

Alternative : 36 Page Hill Rd., Farhill, N.J. 07931

Tel. no. 973-606-0334 or 973-600-1724

Defendant : Attorney Joshua Lee Morrison

Address : Bonjean Law Group, PLLC, 233 Broadway, Suite 707, New York, N.Y. 10279

Alternative : 36 Page Hill Rd., Farhill, N.J., 07931

Tel. no. 312-206-8185

# UNITED STATES DISTRICT COURT, N.D.N.Y.

Thomas Hardie

        plaintiFF

  against

The RehFuss Law Firm, P.C.,

Attorneys For The City of Albany,

and Law OFFice oF Amy J. Agnew

      defendant(s)

## COMPLAINT

Statements OF Fact

Civ. Act. no.

Judge

Mag.

---

STATE OF NEW YORK )
COUNTY OF ALBANY ) ss

1. This complaint is in reFerence to preceding civil case number 1:18-cv-470, wherein, Thomas Hardie, was the plaintiFF, and the oFFice oF Amy Jane Agnew, P.C. was his trial attorney. The RehFuss Law Firm, were the City oF Albany defendants attorney therein.

2. In this case at hand, plaintiFF, Thomas Hardie states a First cause oF action against, The RehFuss Law Firm, P.C., Attorney, Stephen RehFuss, and Abigail W. RehFuss, For deprivation oF procedural due process, in the trial proceeding oF civ. case no. 1:18-cv-470. U.S. Const. Amend. 14.

3. A second cause of action against, The RehFuss Law Firm, in violation oF the Due Process Clause, For arbitrary and capricious conduct/actions, in the trial proceedings oF civ. case no. 1:18-cv-470. Who under the color oF State, violated the plaintiFFs 14th amend. right, under the U.S. Const., in their individual capacities. U.S. Const. Amend. 14

P. 1

4. A third cause of action against, the Office of Amy Jane Agnew, P.C., Attorney A.J. Agnew, and Attorney Joshua Lee Morrison, for Legal Attorney Malpractice. In the trial proceeding of civ. case no. 1:18-cv-470.   N.Y. Law, Negligence.

5. A fourth cause of action against, The RehFuss Law Firm, Attorney Stephen RehFuss, and Attorney Abigail W. RehFuss, for Legal Attorney Malpractice. In the trial proceeding of civ. case no. 1:18-cv-470.   N.Y.   Law, Negligence

6. In this particular case at hand, the following facts are not subject to reasonable dispute, because it is generally known within the U.S. District trial courts territorial jurisdiction, and judicial notice is requested for the entire civ. case record of 1:18-cv-470, for the purpose of adjudicative facts, and incontrovertible evidence, in support of the allegations herein.

7. Civil case no. 1:18-cv-470, was personally commenced Pro-se by plaintiff, Thomas Hardie in April 2018, and was successfully litigated pro-se for four years, up until the City of Albany defendants summary judgment denial by the court in June of 2022. Subsequent to the aforesaid, in July thru November of 2022, I searched for a trial attorney.

P. 2

8. Thereafter, I retained the Office of Amy Jane Agnew as my legal attorney for trial, and she filed a notice of appearance with the court 12/21/2022, subsequent to our initial phone consultation, wherein, I diligently advised both Attorney Agnew, and her assistant Attorney Joshua Morrison of the foreseeable merits in the case, that was reviewed by her/him prior to acceptance.

9. I further advised the retained attorneys of what the forseeable merits were pertinent to, which was, a genuine issue of material fact, that was determined by Judge Sharpe, which pertained to, my exculpatory defense evidence that I disclosed in the City of Albany defendants denied Summary judgment submission, and in prior case proceedings.

10. The cause of action in civ. case no. 1:18-cv-470, for deliberate indifference to medical, is where the exculpatory defense evidence existed in my favor against the City of Albany defendants prevaricated evidence of an altered Albany Police dept., (A.P.D.), Admission Screening Sheet, mendaciously supported with A.P.D. booking clerk, Meghan Hope's affidavit, and Police officer, Raven Dixson's interrogatory answer. All of which did not meet the burden of proof, or defeat the indisputable exculpatory Albany Fire Dept. Emergency Medical Service, (AFDEMS), document evidence in my behalf.

P. 3

11. To further support my contentions against A.P.D. booking clerk, Meaghan Hupe's manufactured evidence, the court granted my request for a subpeona to depose, (deposition), her, which gave more proof against her false statements, her prevaricated A.P.D. admission screening sheet, and mendacious affidavit in support thereof. That stated, A.P.D. called AFDEMS for Thomas Hardie, and he refused medical treatment.

12. Wherein, Attorney Stephen Rehfuss, for the City of Albany attended the deposition on 2/15/2021, as her legal representative, who was not a named defendant, and abruptly interfered with my questions directed to A.P.D. booking clerk, Meghan Hupe, especially, A.F.D.E.M.S. HIPAA letters that confirmed, "no call was made by A.P.D. for Thomas Hardie on 4/28/2017, while he was in custody of A.P.D."

13. That, at every stage of civ. case no. 1:18-cv-470 proceedings, I remained consistently persistent with showing evidence, and pointing out the exculpatory evidence demonstrating that, "no call was made by A.P.D. for my sustained hand injury", and I was never seen or treated by AFDEMS while in custody detainment of A.P.D.

P. 4

14. The exculpatory document evidence in my favor pertained to three (3) Hipaa request, responded "directly" from AFDEMS Deputy Chief Maria _____, that Attorney Stephen Rehfuss had full Knowledge and awareness of, and attempted to defeat the evidence since the 12(b)(6) motion to dismiss case proceeding, and throughout every other proceeding in the case. Including his attendance at the deposition of A.P.D. booking clerk, Meghan Hupe on 2/15/2021, where he caused interference at.

15. When Attorney A. J. Agnew signed on as my attorney by notice of appearance to the court on 12/21/2022, she and her assistant Attorney, Joshua Morrison advised me that they would be personally handling all matters for trial, and that there was no further need of my litigation pursuance, or my presence being necessary at the pretrial hearings.

16. The trial began on June 26, 2023, and on the final day of the trial, June 27, 2023, all defendants in case, 1:18-cv-470 had taken the stand to testify before the jury. But it was disheartening, and mentally disturbing to me when I found out after the fact at trial, that the defendants witness, Meghan Hupe was going to testify, and that Attorney Agnew, and Morrison failed to enter into trial record my indisputable exculpatory evidence against Meghan Hupe's testimony. Which negatively impacted the outcome of trial.

P. 5

17. Furthermore, Attorney Agnew, and Joshua Morrison failed by not objecting or opposing the defendants witness, A.P.D. booking clerk, Meghan Hope's testimony at trial, and disregarded the defendants witness testimony from being entered in as trial evidence, and heard at trial without my exculpatory document evidence being entered and introduced against it. Which was supported with a deposition against the defendants witness testimony.

18. In accordance with the aforementioned, Attorney A.J. Agnew, and Attorney J.L. Morrison failed to exercise the ordinary skills and knowledge, commonly possessed by a member of the legal profession, and that the attorneys breach of this duty "proximately" caused the plaintiff to sustain actual and ascertainable damages. "But for" the attorneys negligent actions of legal malpractice, a reasonable fact finder would have arrived at a different result.

19. As for defendant, the Rehfuss law firm, for the City of Albany defendants in civ. case no. 1:18-cv-470, and in accordance with the previously mentioned statements of fact, testimonial statements should not come into trial evidence by the defendants, if the plaintiff would be deprived of procedural due process, to defend himself.

P. 6

20. The plaintiffs opportunity to present objections and defend against the defendants witness testimony at trial in civ. case no. 1:18-cv-470, was deprived by the arbitrary and capricious actions of the government actor for the City of Albany, Attorney, Stephen Rehfuss, who had knowledge of the plaintiffs exculpatory evidence, and prejudiced the plaintiff in violation of the due process clause, to at least have an opportunity to present objections to the proposed action to a fair and neutral decision maker.

21. Additionally, the attorney legal Malpractice claim against the Rehfuss law firm, in civ. case 1:18-cv-470, is in regards to the negligent handling of the trial/case, by failing to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, and that such negligence was the "proximate cause" of the actual damages sustained by the plaintiff, and "but for" the defendants attorneys negligence, the plaintiff would have been successful at trial.

22. In the plaintiffs preceding civ. action no. 1:18-cv-470, evidence was established regarding a sustained broken hand injury by the plaintiff during arrest, that wasn't medically cared for while the plaintiff was detained in custody of A.P.D. That brought on a cause of action for deliberate indifference to medical. The expected damage demand was disrupted "jointly" by the named defendants deprivation, and negligence. Tortious Liability exists.

P. 7

## Demands For Relief

"In the First cause of action", against the RehFuss law Firm, Attorney(s) Stephen, and Abigail RehFuss, in their individual capacities, for deprivation of procedural due process, who under the color of State, violated the plaintiffs 14th Amend. U.S. Const. right. Whereby, the plaintiff is entitled to relief For; Lost expectation damages in the amount of __1.5 mil. dollars__, Actual damages __1 mil. dollars__, Punitive damages __2 mil. dollars__, and Mental Anguish / Emotional Distress damages, in the amount of $500 K __dollars__.

"In the Second cause of action", against the RehFuss law Firm, Attorney(s) Stephen, and Abigail RehFuss, in their individual capacities, for deprivation of the due process clause, who under the color of State, violated the plaintiffs 14th Amend. U.S. Const. right. Whereby, the plaintiff is entitled to relief For; Lost expectation damages in the amount of __1.5 mil. dollars__, Actual damages __1 mil. dollars__, Punitive damages __2 mil. dollars__, and Mental Anguish / Emotional Distress damages, in the amount of $500 K. dollars.

In the third cause of action, against the office of Amy Jane Agnew, Attorney A.J. Agnew, and Attorney Joshua Morrison, in their individual capacities for Legal Attorney Malpractice negligence, and "but for causation". Whereby, the plaintiff is entitled to relief for; Malpractice damages in the amount of $750 K. dollars, actual/ascertainable damages 1.5 mil. dollars, punitive damages 2 mil. dollars, and mental anguish, and emotional distress damages $500 K. dollars.

In the fourth cause of action, against the Rehfuss Law Firm, Attorney Stephen and Abigail Rehfuss, in their individual capacities for Legal Attorney Malpractice negligence, and "but for causation". Whereby, the plaintiff is entitled to relief for; Malpractice damages in the amount of $750 K. dollars, actual damages 1.5 mil. dollars, punitive damages 2 mil. dollars, and mental anguish, and emotional distress damages $500 K. dollars.

I, declare under penalty of perjury that the foregoing is true and correct.

Dated: March 28, 2026

SIGNED: _Thomas Hardie_
Thomas Hardie

P. 9