**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THOMAS HARDIE,

                        Plaintiff,                    1:26-cv-538
                                           (ECC/MJK)

v.

ATTORNEY STEPHEN REHFUSS, et al.,

                        Defendants.

---

**Appearances:**

Thomas Hardie, *Pro Se Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

On April 6, 2026, pro se Plaintiff Thomas Hardie paid the filing fee and commenced this action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff's claims against Defendants Stephen RehFuss, Abigail RehFuss, The RehFuss Law Firm, P.C., Amy Jane Agnew, Joshua Lee Morrison, and The Law Office of Amy J. Agnew arise from the Defendants' alleged conduct while litigating a separate civil lawsuit commenced by Plaintiff in this district. *Id.* Presently before the Court is U.S. Magistrate Judge Mitchell J. Katz's Report-Recommendation that Plaintiff's Complaint be *sua sponte* dismissed, and Plaintiff's Objections to the Report-Recommendation. Dkt. Nos. 8, 11. To the extent set forth below, Magistrate Judge Katz's Report-Recommendation recommending dismissal of the Complaint is accepted and adopted.

## II.     STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

Upon sua sponte review, Magistrate Judge Katz recommended that Plaintiff's Complaint be dismissed because the Defendants are not state actors and did not otherwise act under the color of state law for purposes of § 1983. Dkt. No. 8.

Plaintiff objects to Magistrate Judge Katz's recommendation, arguing that the alleged conduct of Stephen and Abigail RehFuss, the attorneys who represented the City of Albany in a separate civil rights lawsuit brought by Plaintiff, should be attributed to the state pursuant to the "public function test." Dkt. No. 11 at 4-5. Plaintiff further argues that it was error for Magistrate Judge Katz to recommend denying Plaintiff leave to amend his Complaint to replead his § 1983

claim against Defendant Stephen RehFuss, as well as the City of Albany and its corporation counsel. Dkt. No. 11 at 3-4.

A plaintiff alleging a violation of his constitutional rights under Section 1983 must show state action. *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012); *see also* 42 U.S.C. § 1983 (imposing liability on persons who act "under color of any [state] statute, ordinance, regulation, custom, or usage"). While private parties generally are not state actors, their conduct can be attributed to the state for Section 1983 purposes if, among other things, the private conduct consisted of activity that has traditionally been the exclusive prerogative of the state, i.e. the "public function test." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)).

None of the defendants in this action satisfy the public function test for state action. "Federal courts have repeatedly held that private attorneys and private law firms do not engage in 'state action' or become 'state actors' merely because they are performing licensed legal duties." *Bartolini v. Town of Dryden*, No. 3:24-cv-1380 (AJB/ML), 2025 WL 1488505, at *7 (N.D.N.Y. May 23, 2025) (citing *Harrison v. New York*, 95 F. Supp. 3d 293, 329 (E.D.N.Y. 2015) (collecting cases)). "This general rule still applies even if the private attorney or private law firm has been retained to give legal advice to a municipality or some other municipal actor." *Id.* (citing *Shaw v. Roundout Vall. Cent. Sch. Dist.*, No. 1:15-cv-215(MAD/TWD), 2015 WL 8492487, at *7 (N.D.N.Y. Dec. 10, 2015) (dismissing § 1983 claims against attorney retained by school district and collecting cases); *Glacken v. Inc. Vill. of Freeport*, No. 09-cv-4832, 2012 WL 894412, at *5 (E.D.N.Y. Mar. 15, 2012) (holding same and collecting cases)); *see also Mendelson v. Town of Rhinebeck New York,* No. 24-cv-195, 2025 WL 3158668, at *7 (S.D.N.Y. Nov. 12, 2025) ("Lyons and Garrison—private attorneys with Grant & Lyons LLP—are neither state actors nor municipal

policymakers, and their representation of the Town does not transform them into government officials for purposes of § 1983.").  Thus, in this case, Magistrate Judge Katz properly concluded that Plaintiff's § 1983 claims against the Defendant private attorneys must be dismissed.[1]

Plaintiff further argues that Magistrate Judge Katz erred in not recommending leave to amend the Complaint, to the extent Plaintiff could replead to name Stephen RehFuss, the City of Albany, and its corporation counsel as Defendants.  Dkt. No. 11 at 6.  As previously discussed, Defendant Stephen RehFuss is a private attorney and not a state actor.  Otherwise, this Court has serious doubts that Plaintiff can amend his Complaint to assert viable civil rights claims under § 1983 against the proposed Defendants under these circumstances.  Nevertheless, in light of Plaintiff's specific request, and the latitude afforded to pro se litigants, the Court grants Plaintiff leave to file an amended complaint within thirty days of the date of this order.

## IV.    CONCLUSION

For these reasons, it is

**ORDERED,** that Magistrate Judge Katz's Report-Recommendation recommending dismissal of Plaintiff's Complaint for lack of state action is **ADOPTED** and **ACCEPTED;** and it is further

---

[1] Magistrate Judge Katz concluded that, because none of the Defendants is a state actor, dismissal is warranted because the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims. "To find federal question jurisdiction, federal courts look to the face of the complaint to see 'if [the] plaintiff's statement of his [or her] own cause of action shows that it is based on federal law.'" *Brook v. Ruotolo*, No. 23-cv-1339, 2024 WL 3912831, at *2 (2d Cir. Aug. 23, 2024) (quoting *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010)), *cert. denied*, 145 S. Ct. 2705 (2025). "[T]he failure to show state action is not a 'jurisdictional deficiency.' Rather, it is a merits issue 'to be tested under Rule 12(b)(6).'" *Id*. (quoting *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997)).  Thus, to the extent Plaintiff's § 1983 claims are based on federal law, it appears that the lack of state action would subject his Complaint to dismissal for failure to state a claim, as opposed to a lack of subject matter jurisdiction.

**ORDERED,** that Plaintiff's Complaint is sua sponte **DISMISSED**[2] for failure to state a claim, and it is further

**ORDERED,** that Plaintiff's request to file an amended complaint is **GRANTED,** and that any amended complaint must be filed within thirty (30) days of the date of this Order. Any amended complaint must be a complete pleading which will replace the current Complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Katz for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without any further order; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the local rules.

Dated: June 23, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

---

[2] "[A] district court may dismiss an action sua sponte for failure to state a claim so long as the plaintiff is given notice of the grounds for dismissal and an opportunity to be heard." *Grant v. Cnty. of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013) (citing *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991)). "A magistrate judge's Report and Recommendation and the resulting period for objections constitute notice and an opportunity to be heard." *Newman v. Park*, No. 24 Civ. 6829, 2025 WL 2350259, at *1 (S.D.N.Y. Aug. 14, 2025) (citing *E.A. Sween Co. v. A&M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019)); *see also Avila v. Acacia Network, Inc.*, No. 23 Civ. 7834, 2025 WL 2233987, at *3 n.2 (S.D.N.Y. Aug. 6, 2025).